**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4578

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LEO ANTOINE SMITH,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:21-cr-00172-8)

Submitted:  April 28, 2023                          Decided:  February 6, 2024

Before KING, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant.  William S. Thompson, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leo Antoine Smith was convicted of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846.  The district court calculated Smith's imprisonment range under the U.S. Sentencing Guidelines to be 181–235 months and sentenced him to 140 months of imprisonment after granting a downward variance.  Smith argues on appeal that the district court erred when calculating his Guidelines sentencing range by improperly including 56.7 grams of methamphetamine mixture and 453.6 grams of methamphetamine "ice" in the drug weight used to determine Smith's base offense level.  For the reasons below, we affirm.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error."[1]  *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (quoting *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011)). "Under this clear error standard, we will reverse the district court's finding only if we are 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008)).

"Pursuant to the Sentencing Guidelines, sentencing courts must consider relevant conduct in calculating a defendant's advisory sentencing range, including 'all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as

---

[1] The government argues that Smith has forfeited his arguments on appeal, so we should review for plain error.  But we need not address that question because we conclude that Smith's claims fail even under clear-error review.  *See United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021).

the offense of conviction.'" *Id.* (alteration in original) (quoting U.S.S.G. § 1B1.3(a)(2)). Smith argues on appeal that the two challenged quantities of methamphetamine do not constitute relevant conduct. We disagree.

Smith was arrested and convicted after participating in a large-scale methamphetamine distribution ring in Kanawha County, West Virginia. He was invited to join the conspiracy by his childhood friend, Brian Terry, who acted as one of Smith's suppliers. During the conspiracy, Smith became close with one of the other co-conspirators, Treydan Burks. The two began to frequently spend time together, and Burks would occasionally give or sell ounce-sized quantities of methamphetamine to Smith—the 56.7 grams Smith now challenges.

We conclude that those quantities constitute relevant conduct. Smith argues that those amounts were solely for personal use and not for distribution, but the district court's conclusion to the contrary was not clear error. Burks admitted that he was attempting to become one of Smith's suppliers after learning of Smith's successful dealing career. [J.A. 340.] And he did, in fact, become a semi-regular supplier to Smith in the two-month period leading up to Burks' arrest. [J.A. 335–36.] Furthermore, an ounce of methamphetamine is a distribution-level quantity of the drug. *See United States v. Riley*, 920 F.3d 200, 203 (4th Cir. 2019). The district court thus reasonably concluded that the quantities of drugs provided directly to Smith from Burks were "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

Smith's second challenge targets a half-pound of "ice" methamphetamine sold in a controlled buy between Terry, who was at this point working as a criminal informant, and

3

Burks.  Smith argues that he was not involved in that deal, but it was not clear error for the sentencing court to conclude otherwise.  The trial evidence showed that Smith was central to facilitating Burks' sale of these drugs to Terry.  The parties agree that Smith was present with Burks both when Terry delivered the money and when the supplier handed off the drugs.  [Br. of Appellant at 20.]  But more importantly, Burks testified that Smith was the orchestrating middleman between him and the unnamed supplier.  Burks called the supplier "one of [Smith]'s people."  J.A. 341.  And once Burks and Smith arrived at the site of the transaction, Smith had to call the supplier before he would show himself.  [J.A. 342.] Although some of Burks' statements can be interpreted as mitigating Smith's involvement, it was not clear error, on these facts, for the district court to conclude that Smith was an integral part of the conspiracy to distribute the 453.6 grams of methamphetamine "ice" involved in the controlled buy.

Accordingly, we affirm Smith's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4